# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANDRE TROTTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 08-0412-WS-M |
| | ) |
| COLUMBIA SUSSEX CORPORATION, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's supplemental motion for an award of attorneys' fees, costs and expenses under 42 U.S.C. § 1988(b). (Doc. 158). By previous order, the Court granted in most respects the plaintiff's motion for fees, costs and expenses incurred on or before October 23, 2009. (Doc. 157). The plaintiff now seeks an award of fees for time spent litigating his prior motion for fees. The defendants have filed a response and the plaintiff a reply, (Docs. 160-61), and the motion is ripe for resolution.

The parties resolved this action by settlement. The agreement provides in pertinent part that the defendants will pay the plaintiff a particular amount "in full and final settlement and complete satisfaction of all of his claims" and "will pay to Trotter's attorneys reasonable costs and reasonable attorneys fees accrued in connection with this action as of close of business Friday October 23, 2009," with the amount either agreed to between counsel or resolved by the Court on motion. "Trotter acknowledges these covenants and payments are full and adequate consideration for all of his covenants under this Agreement and that neither he nor his attorneys are entitled to any further or additional consideration or payments of any kind from Defendants other than what is described in this Agreement." (Doc. 148, ¶ 3).

Section 1988 allows prevailing parties to bargain away an attorney's fees award. *Evans v. Jeff D.*, 475 U.S. 717, 720, 737-38 (1986); *accord Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 908 (11th Cir. 2003). Indeed, "[w]e have no basis under § 1988(b) for ignoring the provisions that the parties bargained for in an arms-length transaction." *Id*. That is, the Court is required to uphold according to their terms the parties' agreements restricting the recovery of attorney's fees. The defendants argue that the plaintiff bargained away any right to recover attorney's fees for time spent after October 23, 2009, which would include all of the time implicated by the pending motion.

The settlement agreement expressly provides that the defendants will pay the plaintiff's reasonable costs and fees "accrued in connection with this action as of close of business Friday October 23, 2009," and it further provides that "neither he nor his attorneys are entitled to any further or additional consideration or payments *of any kind* from Defendants other than what is described in this Agreement." (Doc. 148, ¶ 3 (emphasis added)). This language unambiguously precludes the plaintiff from obtaining attorney's fees for time spent after October 23, 2009, including time spent litigating his fee petition.

The plaintiff notes that the law allows recovery for time spent litigating fees under Section 1988(b). That it does, but *Jeff D*. and *Smalbein* allow the plaintiff to bargain away that right as part of a settlement. The plaintiff labors to show that the agreement actually does not cover fees on fees, but it patently does. He seizes on the term "consideration" but, even if that word standing alone might leave open the possibility of an award of fees on fees, the clause foreclosing "payments of any kind" cannot help but encompass payments representing fees on fees.

For the reasons set forth above, the plaintiff's supplemental motion for an award of attorneys' fees, costs and expenses is **denied**.

DONE and ORDERED this 8th day of March, 2010.

                                          s/ WILLIAM H. STEELE  
                                          CHIEF UNITED STATES DISTRICT JUDGE